M. Grau e Hijos, peticionario, *v.* Corte de Distrito de Aguadilla, Hon. Enrique Mestre, Juez, demandada.

No. 731.—*Sometido:* Julio 29, 1930. *Resuelto:* Agosto 1, 1930.

480

*Oscar Souffront,* abogado de la peticionaria.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

M. Grau e Hijos, una sociedad domiciliada en Mayagüez, demandó a Emilio Cardona ante la corte municipal de dicha ciudad, en cobro de dinero, y obtuvo una sentencia a su favor. A instancias de la parte demandante, el Secretario de la Corte Municipal de Mayagüez "expidió mandamiento de ejecución dirigido al Márshal de la Corte Municipal de Añasco, Andrés Bonilla, con fecha 23 de diciembre de 1929, y éste embargó a designación de la propia demandante, todo el derecho, título e interés que el demandado Emilio Cardona pudiera tener en una finca rústica situada en el barrio de Puntas del término municipal de Rincón, y anunció la venta en pública subasta de dicha finca para el 14 de febrero, a las dos de la tarde en la oficina del dicho márshal, sita en el local ocupado por la Corte Municipal de Añasco, para hacer efectiva la suma de $350 de principal, intereses y costas."

Así las cosas, el 13 de febrero último, Emma Cardona Santos, representada por su padre con patria potestad Jenaro Cardona, y Clotilde y Ramón Rodríguez, radicaron ante la Corte de Distrito de Aguadilla una demanda de tercería de bienes inmuebles e *injunction* contra M. Grau e Hijos y el Márshal Municipal de Añasco, reclamando como de su propiedad la dicha finca embargada. Alegaron haberla adquirido por compra de Emilio Cardona y que, careciendo de título inscribible, justificaron su dominio ante la

Corte de Distrito de Aguadilla que así lo declaró por resolución de 13 de julio de 1929 que se inscribió en el registro de la propiedad. Alegaron además que el valor de la finca era de mil dólares. La corte de distrito ordenó a los demandados que se abstuvieran de celebrar la subasta.

M. Grau e Hijos compareció en el pleito de tercería y formuló la siguiente excepción previa:

"Y ahora alega la demandada M. Grau e Hijos que esta Hon. Corte carece de jurisdicción para conocer del presente pleito de tercería de bienes inmuebles, por no tener jurisdicción sobre la materia de la acción, todo lo cual consta de la faz de la demanda, a saber:

"Del hecho cuarto de la demanda consta que la Corte que dictó la orden de ejecución por virtud de la cual se practicó el embargo sobre la finca descrita en el hecho primero de la demanda, fué la Corte Municipal de Mayagüez, y el mandamiento de ejecución se expidió por orden de la Corte al Márshal de la Corte Municipal de Añasco, quien embargó la finca como de la propiedad del demandado Emilio Cardona.

"La sección 17 de la Ley vigente sobre tercería de bienes muebles aprobada en 14 de marzo de 1907 tal cual quedó enmendada por la ley No. 12 de marzo de 1908, página 49, al determinar la corte que ha de tener jurisdicción del caso sobre la materia de la acción, dice así:

" 'La Corte que dictare la orden tendrá competencia para conocer del procedimiento en los casos de tercería, de acuerdo con las disposiciones de esta ley; Disponiéndose, sin embargo, que si el pleito original en el cual se librare la orden de ejecución o embargo, estuviere pendiente ante una corte municipal, y el valor de la propiedad embargada excediere de quinientos dollars, en ese caso la competencia para conocer del procedimiento de tercería entablado corresponderá a la Corte de Distrito para ante la cual se apelare de las sentencias de la corte municipal que estuviere conociendo del pleito original.'

"(Véase sección 5277 de los Estatutos Revisados de 1911.)

"La sección 18 de dicha ley ratificando lo anteriormente expuesto, dice así:

" 'Será competente para conocer de los juicios de tercería, la Corte que tenga jurisdicción en el asunto en que se haya decretado la orden a que se refiere la tercería.'

"La sección 16 (a) anterior a ambas secciones, se refiere exclusivamente a los procedimientos de tercería de bienes inmuebles.

"Luego, apareciendo de la faz de la demanda que la Corte que dictó la orden de ejecución y embargo fué la Corte Municipal de Mayagüez, y apareciendo de la faz de la demanda que el valor de la propiedad embargada excede de quinientos dólares, la competencia y jurisdicción para conocer del procedimiento de tercería interpuesto en el presente pleito, corresponde a la Corte de Distrito de Mayagüez, o sea para ante la cual corte se apelan las sentencias de la Corte Municipal de Mayagüez que ordenó el embargo y las sentencias de la Corte Municipal de Añasco, cuyo Márshal efectuó el embargo."

La corte declaró sin lugar la excepción y M. Grau e Hijo se dirigió entonces a este Tribunal Supremo pidiéndole que expidiera un auto de *certiorari* contra la corte de distrito, reclamara los procedimientos y en definitiva resolviera que la jurisdicción para conocer del pleito de tercería corresponde a la Corte de Distrito de Mayagüez y no a la de Aguadilla.

Los fundamentos que tuvo la Corte de Distrito de Aguadilla para declararse con jurisdicción, se expresaron por ella misma, así:

"Del hecho primero de la demanda aparece que la finca objeto de esta acción radica en el barrio 'Puntas', Municipio de Rincón, dentro de este distrito judicial.

"El artículo 75 del Código de Enjuiciamiento Civil lee como sigue:

" 'Art. 75. Deberán substanciarse en el distrito en que radique el objeto de la acción, o parte del mismo, sin perjuicio de la facultad de la Corte para cambiar el lugar de la vista, a tenor de lo dispuesto en este Código, los pleitos que se sigan por las causas siguientes:

" '1. Para recobrar la posesión de bienes raíces o de una propiedad o interés en la misma, o para determinar en cualquier forma dicho derecho e interés y por daños causados a propiedad inmueble.

" '2.　　*　　*　　*　　*　　*　　*　　*

" '3.　　*　　*　　*　　*　　*　　*　　*'

"La sección 16 adicionada por la ley de 12 de marzo de 1908 a la ley de tercerías aprobada por nuestra Asamblea Legislativa con fecha 14 de marzo de 1907, dice:

" 'La tercería respecto a bienes inmuebles se iniciará por demanda que formalizará el reclamante contra todas las personas que tengan interés en el asunto y el juicio se sustanciará por los trámites del Código de Enjuiciamiento Civil. . .'

"En el caso de la Insular Motor Corporation contra la Corte de Distrito de San Juan, resuelto recientemente por nuestro Honorable Tribunal Supremo, se ha establecido lo siguiente:

" 'Analizada la totalidad de la ley, se verá que la tercería constituye un caso separado que tiene vida por sí mismo y se resuelve con entera independencia de aquél en que se dictó la orden de embargo. De ahí que no haya dificultad que un tribunal distinto del que libre la orden de embargo pueda conocer del procedimiento.'

"Siendo esto así, la corte resuelve declarar y declara también sin lugar la excepción de falta de jurisdicción, concediendo a la demandada M. Grau e Hijos un plazo de veinte (20) días para que pueda contestar a la demanda interpuesta."

Aunque el caso de Insular Motor Corporation que se cita se refería a bienes muebles, su razonamiento es aplicable a éste que versa sobre bienes inmuebles. Creemos conveniente transcribir este otro párrafo de la opinión emitida en dicho caso:

"Parece y es lo lógico que el pleito de tercería se tramite en la misma corte en que se tramita el pleito principal. De ahí las secciones 17 y 18 de la ley. Pero ello tiene lugar cuando el bien embargado y reclamado por un tercero radica en el mismo distrito. Si radica en otro distrito, surge el caso especial regulado por las secciones 8 y 9 de la ley."

Las reglas que contienen las secciones 17 y 18 de la ley de tercerías, se refieren a los casos normales en que todo sucede dentro del mismo distrito judicial, pero no cuando se embargan bienes en otro distrito.

A virtud de las prescripciones de la ley, puede una sentencia dictada por una corte de distrito y aun por una corte municipal ejecutarse en bienes del demandado situados en otro distrito, pero no puede obligarse a los ciudadanos de ese otro distrito que alegan ser los legítimos dueños de los bienes embargados, a discutir su derecho en una jurisdicción extraña. Y si esto es así tratándose de bienes muebles, con mucha mayor razón lo es tratándose de inmuebles.

No debe olvidarse que la ley de tercería se decretó primero para bienes muebles extendiéndose después a los in-

484

muebles, y que aunque algunas de sus secciones, como la octava y la novena, permanecieron en la misma forma en que estaban redactadas, haciendo referencia únicamente a bienes muebles, es lo cierto que de la actitud asumida por el legislador y del contexto general de la ley se desprende que los principios que dichas secciones contienen deben aplicarse también cuanto sea posible a los bienes inmuebles.

Creemos que la ley fué debidamente interpretada por la Corte de Distrito de Aguadilla y que es a dicha corte a la que corresponde la jurisdicción para conocer del caso. *En tal virtud debe declararse no haber lugar a expedir el auto de certiorari que se solicita.*

El Juez Asociado Señor Texidor no intervino.